IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NEIGHBORCARE PHARMACY          *
SERVICES, INC.                 *
                               *
        v.                     *       Civil No. JFM-05-1549
                               *
SUNRISE HEALTHCARE CENTER, INC. *
                               ****

MEMORANDUM

Pending before me is defendant RV Facility, Inc. d/b/a Sunrise Healthcare Center's ("Sunrise") Fed.R.Civ.P. 12(b)(2) motion to dismiss for lack of personal jurisdiction. The parties agree that the only potential basis for this court's personal jurisdiction over Sunrise is a Maryland forum selection clause contained in a putative contract between Sunrise and plaintiff NeighborCare Pharmacy Services, Inc. ("NeighborCare").

I.

Sunrise is a skilled nursing facility located in Roseville, California. (Affidavit of Jack Easterday ¶ 2, Exhibit 1 to Sunrise Brief.) NeighborCare is located in Baltimore and provides pharmaceuticals and medical supply services to such facilities. (Complaint ¶ 1 ("Compl.").) In 2001, the parties entered into a Purchasing Services Agreement ("PSA"), signed by both, under which NeighborCare agreed to provide such goods and services to Sunrise. (Sunrise Reply Br. at 4; First PSA, Exhibit 1 to Sunrise Reply Br.) By its terms, the PSA lasted from November 2001 to November 2002, and automatically renewed each year if neither party requested termination. (First PSA ¶ 5.) Included within the PSA is a forum selection clause that requires any disputes arising from the contract to be adjudicated in California state court or the U.S. District Court for the Eastern District of California. (*Id.* ¶ 17.)

At some point at the end of 2003 or beginning of 2004, NeighborCare suggested that the parties execute another PSA. (Sunrise Br. at 5; Affidavit of Jack Easterday ¶ 10.) The proposed PSA differed from the previous one in two material ways: its term was for three years, beginning December 1, 2003 and lasting until December 1, 2006, and would automatically renew for additional three-year terms absent termination by a party; and the forum selection clause was changed to include only Maryland state courts in Baltimore County and the U.S. District Court for the District of Maryland, Northern Division. (Second PSA ¶¶ 4.2, 5.12, Exhibit A to Compl.) Sunrise signed the new PSA on February 4, 2004. (*Id.*) In addition, that same day Sunrise signed an Installment Note by which it borrowed $110,419.42 from NeighborCare, to be paid back in 23 equal monthly installments. (Installment Note, Exhibit B to Compl.) There is no evidence, however, that either party ever formally terminated the first PSA.

Despite repeated requests by Sunrise's president, Jack Easterday, NeighborCare never signed the second PSA. (Affidavit of Jack Easterday ¶ 11.) However, NeighborCare continued to provide the goods and services it had provided from the beginning of its relationship with Sunrise. On January 25, 2005, Sunrise informed NeighborCare that it was "giving [its] 30 day notice [of termination] as agreed upon in our contract" because it "was choosing another direction with [its] pharmacy services." (Compl. ¶ 9.). The "contract" to which Sunrise was referring was the first PSA, which requires a party to give at least 30 days notice of its intention to end the contractual relationship. (First PSA ¶ 5.) The second PSA, in contrast, requires at least 60 days notice. (Second PSA ¶ 4.1.) In response, NeighborCare filed suit in this court pursuant to the Maryland forum selection clause in the second PSA, claiming that Sunrise's termination of the contract was premature and improper.

II.

When a nonresident defendant challenges a federal district court's power to exercise personal jurisdiction by a motion under Fed.R.Civ.P. 12(b)(2), "the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Mylan Lab., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993)). If the existence of jurisdiction turns on disputed facts, the court may resolve the challenge after a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). If the court chooses to rule without conducting an evidentiary hearing, "the plaintiff need only make a prima facie showing of personal jurisdiction." *Carefirst of Maryland*, 334 F.3d at 396; *see also Mylan Labs.*, 2 F.3d at 60; *Combs*, 886 F.2d at 676. In determining whether the plaintiff has proven a prima facie case, the court "must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." *Mylan*, 2 F.3d at 60; *Carefirst of Maryland*, 334 F.3d at 396.

NeighborCare concedes that Sunrise, a corporation that is located and operates entirely within California, is subject to personal jurisdiction in a Maryland court only if the forum selection clause of the second PSA is binding upon Sunrise. *See The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972) (holding that forum selection clauses are presumptively valid and should be enforced unless the clause is "unreasonable and unjust, or that the clause [is] invalid for such reasons as fraud or overreaching"). Sunrise does not contest the reasonableness of the forum selection clause, but instead argues that it is inoperative because the second PSA is not a valid contract. Thus, in order to proceed with its suit, NeighborCare has the burden of establishing the validity of the

second PSA by a preponderance of the evidence. NeighborCare has failed to meet this burden, and has given me no reason to believe that an evidentiary hearing is necessary.

It is axiomatic that for a contract to be valid, both parties must mutually assent to be bound by it. RESTATEMENT (SECOND) OF CONTRACTS § 17(1) (1981). As evidenced by its signature, Sunrise clearly agreed to be bound by the second PSA. The issue, therefore, is whether, in the absence of its signature, NeighborCare likewise assented. Because there is no provision within the second PSA that requires signatures from both parties before it becomes legally binding, resolving this issue requires an examination of NeighborCare's conduct. *See e.g.*, *id.* § 19(1) ("The manifestation of assent may be made wholly or partly by written or spoken words or by other acts or by failure to act."); 17A AM. JUR. 2d Contracts § 34 (2004) ("The purpose of a signature on a contract is to show mutual assent; however, the existence of a contract may also be inferred from other external and objective manifestations of mutual assent."). The only external and objective evidence of assent that NeighborCare has submitted to the court is its continued provision of pharmaceuticals and medical supply services to Sunrise after Sunrise signed the second PSA. That is insufficient.

NeighborCare's duties under both the first and second PSA are seemingly identical, and neither party has suggested that their business relationship altered after Sunrise signed the second PSA. (*Compare* First PSA Exhibit A, Pharmacy Consulting Services Exhibit (detailing NeighborCare's duties and responsibilities), *with* Second PSA Background ¶ B, ¶¶ 1.1-1.6 (same).) Moreover, NeighborCare has not shown that the first PSA, which contained an automatic renewal clause, was ever terminated by it or Sunrise. (First PSA ¶ 5.) Thus, by itself, NeighborCare's performance after February 2004 is just as likely evidence of its continued adherence to the first PSA as it is evidence of its ratification of the second PSA. Further, the president of Sunrise, Jack

4

Easterday, has submitted an affidavit stating that he attempted repeatedly to secure NeighborCare's signature on the second PSA, a claim that NeighborCare made no attempt within its opposition memorandum to rebut. (Affidavit of Jack Easterday ¶ 11.) In the face of the affidavit, NeighborCare's silence speaks volumes.

In sum, in the absence of any evidence indicating that NeighborCare signed the second PSA, and in light of the fact that the parties conduct vis-à-vis one another was consistent with the performance of the first PSA, I find that the second PSA is not a valid contract. Thus, Sunrise is not bound by the Maryland forum selection clause. Because there is no other basis for the court to exercise personal jurisdiction over Sunrise, I will grant its Fed.R.Civ.P. 12(b)(2) motion to dismiss.

A separate order effecting the rulings made in this memorandum is being entered herewith.


Date: December 20, 2005          /s/_____
                                 J. Frederick Motz
                                 United States District Judge